IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| B&B Conveyors, LLC, | : | Case No. 1:23-cv-257 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Intelligrated Systems, LLC, | : | **Order Granting Plaintiff Leave to File** |
| | : | **an Amended Complaint** |
| Defendant. | : | |

This matter is before the Court on the Rule 12(b)(6) Motion to Dismiss the Corrected

Amended Complaint (Doc. 16) filed by Defendant Intelligrated Systems, LLC ("Intelligrated").

For the reasons that follow, the Court will **GRANT** Plaintiff B&B Conveyors, LLC ("B&B")

leave to file an amended complaint within 14 days of entry of this Order.

B&B filed this action on May 2, 2023 asserting barebones claims of breach of contract,

unjust enrichment, and quantum meruit. (Doc. 1.) Unfortunately, the case has stalled at the

pleading stage. On June 30, 2023, Intelligrated moved to dismiss the Complaint. (Doc. 6.[1])

After requesting an extension of time to respond, Plaintiff filed an Amended Complaint on

August 4, 2023. (Doc. 11.) Plaintiff filed an additional Corrected Amended Complaint on

August 7, 2023. (Doc. 13.)

With an extension of time, Defendant moved to dismiss the Corrected Amended

Complaint on September 11, 2023. (Doc. 16.) Plaintiff requested, and the Court granted, two

extensions of time to respond to the Motion to Dismiss by October 18, 2023. (Docs. 17–19.)

Plaintiff filed a Response on October 19, 2023. (Doc. 22.) In that Response, Plaintiff included a

request for leave to amend "if the Court finds Plaintiff's Corrected Amended Complaint

---

[1] As Plaintiff filed an Amended Complaint, the first Motion to Dismiss (Doc. 6) is **MOOT**.

insufficient." (Doc. 21 at PageID 916.) With an extension of time, Defendant filed a Reply on November 16, 2023 and opposes leave to amend. (Docs. 24, 25.) The matter is now ripe.

The currently pending 7-page Corrected Amended Complaint (Doc. 13) is no model of clarity. Plaintiff asserts claims of breach of contract, unjust enrichment, and quantum meruit. Plaintiff asserts that B&B and Intelligrated "entered into various Contracts wherein Intelligrated retained B&B to perform various construction and assembly work through the United States." (*Id*. at PageID 655.) Plaintiff alleges that there were four worksites, and Intelligrated repeatedly failed to timely supply B&B with materials and equipment to construct conveyor belts, and in failing to provide B&B with materials and equipment, it breached its contractual obligations. (*Id*. at 656.) Plaintiff contends that although apparently four work sites and/or contracts are involved, it is not required "to copy and paste the same allegations over and over again" because to do so "would be both unnecessary and unwieldy." (Doc. 22 at PageID 1061.)

Plaintiff directs the Court and Defendant to hundreds of pages of attachments, which appear to be statements of work, schedules, emails, and other extensive discovery-type documents to apparently establish the terms of the alleged contract(s). (*See, e.g*., Docs. 13-1, 13-2, 13-3, 13-4.) The Court need not sift through hundreds of pages of attachments to attempt to locate the terms of a contract. It is the burden of the Plaintiff to state the terms of any contract(s) it asserts were breached in this matter, how those contracts were breached, and what its damages are. *See, e.g*., *Windsor v. Colorado Dep't of Corr.*, 9 Fed. App'x 967, 968 (10th Cir. 2001) ("[n]either the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format.")

Pursuant to Rule 15(a), the Court may grant leave for a party to amend its complaint. Leave should be freely given and when "justice so requires." Fed. R. Civ. P. 15(a)(2)(B). "Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *500 Assocs., Inc. v. Vt. Am. Corp,* 496 F. App'x 589, 593 (6th Cir. 2012) (quoting *Seals v. Gen. Motors Corp.,* 546 F.3d 766, 770 (6th Cir. 2008)). Cursory or conditional requests for leave to amend are disfavored and grounds for denial. *Bey v. WalkerHealthCareIT, LLC*, No. 2:16-cv-1167, 2017 WL 10992207, at *2 (S.D. Ohio July 25, 2017) (citing *Evans v. Pearson Enters., Inc*., 434 F.3d 839, 853 (6th Cir. 2006) (affirming denial of motions for leave to amend where moving party failed to explain proposed amendment with particularity and where party did not request leave in a distinct motion)).

In consideration of the liberal pleading standard, the Court generally favors granting leave to amend where it is in the interest of justice to do so. Valid arguments weigh against granting Plaintiff leave to amend in this case: the request for leave was indistinct and in a response brief; Plaintiff did not file a proposed amended complaint; briefing has been protracted and further amendment will cause delay; and Plaintiff has already amended the Complaint. On the other hand, the voluminous attachments to the Corrected Amended Complaint suggest a business relationship existed between the parties, and Plaintiff may have potential grounds for relief. Further, some of the delay that has occurred in this case is attributable to extensions of time requested by both parties and thus is not solely attributed to Plaintiff. Rather than dismiss this action, the Court finds that justice would be served by allowing Plaintiff one final opportunity to conform its Corrected Amended Complaint to the pleading standard of Rule 8.

Leave is not granted lightly and is done so in the spirit of serving the interests of justice.

**Plaintiff is directed to file an Amended Complaint within 14 days of entry of this Order.  Absolutely no extensions of time will be granted.  The Court will not permit any future amendments to the Complaint.  Plaintiff is cautioned that any attachments to the Complaint must be individually attached to the Complaint and clearly labeled.  Failure to file an Amended Complaint within 14 days of entry of this Order will result in this case being dismissed with prejudice.**[2]

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[2] As the Court grants Plaintiff leave to file an Amended Complaint, Defendant's Motion to Dismiss (Doc. 16) is **MOOT**.